**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

TERRI LARSON, et al,

Plaintiffs,

v.

AMERICAN HONDA MOTOR
COMPANY, INC., et al,

Defendants.

Case No. 23-cv-1238-BJC-BJW

**ORDER REQUIRING JOINT
STATUS REPORT**

The present case has been pending in this Court since July 5, 2023, when Plaintiff filed this putative class action against Defendants asserting violations of California Consumers Legal Remedies Act, ("CLRA"), California's Unfair Competition Law ("UCL"), breach of implied warranty pursuant to Song-Beverly Consumer Warranty Act, along with other consumer protection act violations related to Defendants manufacture, distribution, marketing, and sales of certain vehicle models.  ECF No. 1.

On September 30, 2024, Plaintiff filed an amended complaint. ECF No. 11. On October 28, 2024, Defendants filed an Answer to the Amended Complaint.  ECF No. 38. On February 20, 2025, the parties filed a Joint Motion to Stay Proceedings Pending Ninth Circuit Appeal in *Quackenbush v. Am. Honda,* Case No. 3:20-CV-05599-WHA ("*Quackenbush*").  ECF No. 42.  On February 24, 2025, the Court granted the Joint Motion. ECF No. 43.  On April 9, 2025, the parties filed a Joint Status Report informing the Court

that the Ninth Circuit issued an opinion in *Quackenbush,* and the parties would jointly notify the Court once the deadline for a party to move for rehearing had passed. ECF No. 44. On May 12, 2025, the parties filed a Joint Status Report stating that the Ninth Circuit issued the mandate in *Quackenbush*, and Plaintiffs were seeking an extension to file a motion for attorneys' fees in the Ninth Circuit. ECF No. 45. The parties further informed the Court that they had met and conferred regarding the possibility of mediation on the matter.

On May 27, 2025, the parties filed a Joint Status Report notifying the Court that they were engaged in settlement discussions, requesting until June 9, 2025, to update the Court on the status of mediation. ECF No. 46. On June 2, 2025, the Court lifted the stay and directed the parties to jointly contact the assigned magistrate judge to schedule a case management conference no later than June 6, 2025. ECF No. 47. On July 30, 2025, a case management conference was held, and the parties were ordered to file a joint motion to stay no later than August 6, 2025. ECF No. 51.

On August 6, 2025, the parties filed a Joint Motion to Stay until mediation was completed on September 26, 2025. ECF No. 52. On August 8, 2025, the Court granted the Joint Motion. ECF Nos. 53. On October 6, 2025, the parties filed another joint motion to stay, which was granted on October 7, 2025. ECF Nos. 55, 56. On November 6, 2025, the parties jointly requested another stay which was granted on November 7, 2025. ECF Nos. 59, 60. On December 5, 2025, and January 5, 2026, the parties filed Joint Status Reports stating that they remained "engaged in settlement discussions." ECF Nos. 62, 64.

On March 3, 2026, the parties filed a Joint Motion for Protective Order, which was granted by Magistrate Judge Brian J. White on March 5, 2026. ECF Nos. 72, 74.

On June 9, 2026, the Court ordered the parties to file a joint status report updating the Court on the most recent efforts to settle the case by June 22, 2026. The parties timely filed the joint status report stating that they have been unable to reach an agreement and continued to negotiate for several months after mediation. ECF No. 83. The parties

indicate that Defendant Honda is "still considering Plaintiffs' last demand." *Id.*

In light of the ongoing settlement discussions, the Court directs the parties to file either a joint status report regarding the status of the case and whether an agreement has been reached, or schedule a settlement conference with the assigned magistrate judge **no later than August 1, 2026**.

**IT IS SO ORDERED**

Dated: July 1. 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge